HENRY R. WINTHROP, Individually and as Executor of the Last Will and Testament of MARGARET LOUISA WINTHROP, Deceased, and others, Respondents, *v.* WINTHROP McKIM, Impleaded, etc., Appellant.

### Will — condition — trust.

The plaintiffs' testatrix devised one-half of her estate to her daughter, upon condition that, in anticipation of her marriage, whenever it should take place, all her property should be settled upon her for life, with remainder to her issue, or such person as she might appoint by her will; and, "from such marriage, until such settlement, unless it should be made before," devised the income of the share to her executor in trust to pay over the net income to her said daughter, with remainder, upon her death, to her issue. After the making of the will

the daughter was married with the knowledge and approval of the testatrix, and had issue, but no settlement was ever executed. *Held*, that, upon the death of the testatrix, the share vested in the executor, as a trustee for the benefit of the daughter during her life, and upon her death, her issue would be entitled to the remainder.

APPEAL from a judgment entered upon the trial of this action by the court, without a jury.

*S. P. Nash*, for the appellant.

*E. S. Van Winkle*, for the respondents.

DAVIS, P. J. :

This is an action in partition, to which the appellant Winthrop McKim, who is an infant, is made a party defendant for the purpose of determining his rights, if any, in the will of Margaret Louisa Winthrop, his grandmother. The will of Margaret Louisa Winthrop was made and published on the 20th June, 1856. She had two children then living, Thomas P. Winthrop and Harriet R. Winthrop. Thomas was then about fourteen years of age, and Harriet about sixteen. On the 15th September, 1870, Harriet married Haslet McKim, Jr. The testatrix was then living, and was present at the wedding and approved the marriage. The infant appellant, Winthrop McKim, was born of this marriage on the 31st July, 1872, and during the lifetime of his grandmother, the said testatrix, who died on the twenty-sixth of February following. The will made certain provisions for the husband of the testatrix, and then gave the residuary estate to her two children in equal shares ; but, as to the share of the daughter, provided as follows : " To my daughter, Harriet R. Winthrop, I give the other share of my said real and personal estate, to have and to hold the same to her and her heirs, executors, administrators and assigns forever, but on the condition in anticipation of her marriage whenever it shall take place a settlement of all her real and personal estate shall be made by some effectual deed to trustees, securing to her the net income during her life, and securing the remainder to her issue and next of kin after her decease, or in such manner as she may appoint by will, to and among her kindred, or any of them ; the details of which settlement shall be approved by her father, if living. And from the marriage until such settlement, unless it be made before,

I give the income of the said last mentioned share to the executor of this will, in trust, to apply the net income to her use. And I give the remainder to her issue, in fee simple, *per stirpes,* or, failing issue at her death, to her heirs at law or next of kin."

No marriage settlement has ever been made by Harriet, nor were the provisions of the will in reference to such a settlement known to her until after the testatrix's death.

The court below held that all the provisions of the above clause of the will, after that which standing alone would give an absolute estate to Harriet R. Winthrop, were conditions subsequent; that such conditions became impossible of performance, and were therefore void; and that Harriet (now Mrs. McKim) took an estate absolute, in fee; and that the infant appellant had no interest in remainder in the property.

The intention of the testatrix, in the above quoted provisions of her will, seems to us clearly apparent. She contemplated her daughter Harriet in two relations or conditions of life; the one as a single or unmarried person, and the other as a wife. And she intended to provide for her in both of these relations or conditions. If she remained unmarried, the intention of the testatrix was to give her an absolute estate, in fee, in all that portion of her property mentioned in the third clause of the will. But, upon the happening of her marriage, she intended to put the property beyond the control of a husband, and in such form that her daughter should enjoy the net income during her life, and that the remainder should go to the issue of the daughter, her heirs at law, or such of her kindred as she might appoint by will.

To accomplish these objects the testatrix provided, first, for a settlement to be made by her daughter in anticipation of marriage, by some effectual deed to trustees, the details of which should be approved by her father if living. But she did not intend that a failure to make such settlement should, under any circumstances, have the effect to prevent her daughter from enjoying the benefits of her bounty after her marriage. She therefore anticipated the possibility of an event which has actually occurred, to wit, her daughter's marriage without having made any ante-nuptial settlement. For that purpose she added the clause to her will under which the appellant claims an interest in remainder. By that

clause she declares that unless the settlement mentioned in the preceding provisions be made before marriage, she gives, from the marriage of her daughter, until such settlement be made, the income of her daughter's share to the executor of her will in trust, to apply the net income to her use during her life and the remainder to her issue in fee simple *per stirpes;* or failing issue, at her death to her heirs at law or next of kin.

It is claimed on the part of the respondent that these provisions were all made in contemplation of a marriage subsequent to the death of the testatrix, and that the marriage of her daughter having in fact occurred before her death, and with her approval, the conditions have become impossible of performance. But this position does not seem to us to be well taken. The testatrix of course knew that her will would only speak from the time of her death; and she may be assumed to have supposed that the marriage of her daughter would not occur until after that event. But this being so, cannot change provisions which clearly look to a settlement both ante and post-nuptial, the latter on failure of the former, and also to the complete disposition of the property on failure of both. The first provision, to wit, that which relates to an ante-nuptial settlement, applies to a marriage whenever it shall take place. There can, it seems to us, be no doubt that if Harriet R. Winthrop before her marriage with Mr. McKim had made such a settlement upon herself as is provided for by this provision of the will, that fact would have operated upon the estate she took under the will, and subjected it to the control of its provisions. Having married without any such settlement, the condition which required it failed to operate, and thereupon the provision which disposed of the estate until such settlement should be made after marriage, came into complete operation. It was not the intention of the testatrix to take the control of the property absolutely out of the hands of her daughter, because on failure of an ante-nuptial settlement she still left it in her daughter's power to choose her own trustee by a post-nuptial settlement; but, until that should be done, the testatrix placed the estate in the hands of a trustee of her own choosing, and disposed of the remainder on her daughter's decease, in substantially the same manner as she intended it to be disposed of in case a settlement should be made.

The argument that the condition subsequent failed by becoming impossible of performance, and therefore that the estate goes in fee to the daughter, is fairly met in two ways: first, that both of such conditions have not failed, because it has not become impossible, after the provisions of the will were fully known to the daughter, to make the post-nuptial settlement contemplated by the testatrix; second, that even if both of the conditions have failed by becoming impossible of performance, as supposed, the consequence is not that Mrs. McKim takes the fee absolutely, because another consequence is very plainly provided by the will to attach to the failure to make any settlement, and that is, the gift of the income of all the property to the executors in trust to apply the net income to Mrs. McKim's use, and a devise of the remainder to her issue or heirs as therein directed. It does not seem to us doubtful that Mrs. Winthrop, the testatrix, in case of the marriage of her daughter, meant to place her gift in subjection to a settlement to be made before or after marriage, or to put it into the hands of a trustee of her own choosing for the benefit of her daughter and her daughter's children. It is no reason, because the former of these intentions fails for any cause whatever, that therefore the latter, which is clearly expressed in the will, should be defeated. Where such a construction would defeat a manifest intention of the testatrix it ought not to be adopted. When the will of Mrs. Winthrop became operative, it found her daughter Harriet a married woman without a marriage settlement; and it contained a provision disposing of all the share which was intended to be given to her absolutely if unmarried, in accordance with the wishes of the testatrix if she were married. That provision cannot be disregarded. These views require us to hold, that the share of Mrs. McKim is now vested in the executor of the will as a trustee for her benefit during her life, and that at the termination of the trust by her death, the appellant, as her issue, will be entitled to the remainder.

The judgment of the court below, so far as it affects this question, must be reversed, and judgment entered in accordance with this opinion; the costs of both parties on this appeal to be paid out of the estate.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.